UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| L.J.W., a minor, by his mother,<br>DOMISHA D. SMITH<br><br>                Plaintiff,<br><br>                vs.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br><br>                Defendant. | No. 1:15-cv-702-TAB-WTL |

**ORDER**

**I.     Introduction**

Plaintiff L.J.W. appeals the Commissioner's decision denying him disability benefits under the Social Security Act. The ALJ found that although L.J.W. has a history of attention deficit hyperactivity disorder ("ADHD") and disruptive behavior disorder, his symptoms are controlled when he is compliant with medication. L.J.W. argues that the ALJ did not rely on substantial evidence in reaching her conclusion. The Commissioner contends that the ALJ accurately and thoroughly discussed all relevant reports and medical evidence in the record. For the following reasons, the Court agrees with the Commissioner.

**II.    Procedural Background**

On March 31, 2012, L.J.W.'s mother filed an application for disability benefits on his behalf, alleging disability beginning March 1, 2012. L.J.W.'s claim was denied initially, and also upon reconsideration. On October 10, 2013, L.J.W.'s mother, who was represented by an attorney, appeared and testified on behalf of L.J.W. at a hearing. On November 22, 2013, the ALJ issued her decision finding L.J.W. not disabled.

Because L.J.W. is under the age of 18, the ALJ followed the three-step sequential evaluation process as set forth in the regulations. At step one, the ALJ found that L.J.W. had not engaged in "substantial work activity." [Filing No. 13-2, at ECF p. 56.] At step two, the ALJ found that L.J.W. was severely impaired with ADHD, disruptive behavior disorder, and asthma. *Id.* At step three, the ALJ found that L.J.W.'s impairments did not meet, medically equal, or functionally equal any of the listings contained in 20 C.F.R. pt. 404, subpt. P, app 1. [Filing No. 13-2, at ECF p. 55, 61–67.] Specifically, the ALJ found that L.J.W. had less than marked limitation in the following functional domains: (1) acquiring and using information; (2) interacting and relating with others; (3) attending and completing tasks; (4) caring for yourself; and (5) health and physical well-being. [Filing No. 13-2, at ECF p. 61–67.] The ALJ found that L.J.W. had no limitation in moving about and manipulating objects. *Id.* This decision became final when the Appeals Council denied L.J.W.'s request for review. This appeal followed.

**III.    Discussion**

    *A.    Standard of Review*

The Court shall reverse the Commissioner's "denial of disability benefits only if the decision is not supported by substantial evidence or is based on an error of law." *Jelinek v. Astrue*, 662 F.3d 805, 809–10 (7th Cir. 2011). Substantial evidence is defined "as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). The ALJ is obligated "to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding." *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). However, the ALJ "need not mention every piece of evidence, so long as [s]he builds a logical bridge from the evidence to his conclusion." *Id.*

### B. L.J.W.'s Arguments

First, L.J.W. generally argues that the ALJ lacked substantial evidence to conclude that he was not disabled. To support his argument, L.J.W. cites to the Psychiatric Evaluation dated March 15, 2012, and asserts that the ALJ relied on this evaluation to conclude that L.J.W. did not have "any behavior problems." [Filing No. 19, at ECF p. 10–12.] L.J.W. argues that the ALJ failed to consider his behavior problems at school, which are documented in the evaluation. *Id.* For example, the evaluation states that L.J.W. regularly swore at teachers and that L.J.W. also had impulsive behavior in school. *Id.* It also states that L.J.W. easily "[went] off," and this behavior led to the school regularly calling his parents. *Id.* In effect, L.J.W. argues that the ALJ cherry-picked evidence out of the evaluation that supports a finding he is not disabled, while ignoring these behavioral issues at school.

Second, L.J.W. argues that the ALJ did not rely on substantial evidence to conclude that his condition considerably improved when he consistently took his medication. L.J.W. argues that the ALJ arrived at her conclusion by giving a "layperson's diagnosis" of L.J.W.'s medical condition. [Filing No. 19, at ECF p. 10.] L.J.W. points to the fact that he was diagnosed with ADHD, the inattentive type. *Id.* Subsequent to this diagnosis, the doctor prescribed Vyvanse to L.J.W. to treat this condition. *Id.* Although the medication improved L.J.W.'s ADHD, L.J.W. argues that he continued to significantly suffer from his disruptive behavior disorder. *Id.* L.J.W. thus argues that the ALJ failed to recognize this distinction and erroneously concluded that the medication considerably improved his condition when, in reality, the mediation only improved his ADHD.

L.J.W.'s arguments coincide. While the psychiatric evaluation illustrated his poor behavior in school, the ALJ's analysis is based on L.J.W.'s improvement after he began to

consistently take his medication.  As explained below, the ALJ properly relied on the medical evidence in the record and her analysis creates a logical bridge from that evidence to the conclusion that L.J.W.'s ADHD and disruptive behavior disorder symptoms are controlled with medication.

On the day of the evaluation, the doctor prescribed Vyvanse to L.J.W., but therapy notes reflect that L.J.W. did not begin taking medication until the following month.  [Filing No. 13-10, at ECF p. 18.]  Once L.J.W. began to consistently take his medication, the ALJ, through an elaborate discussion of L.J.W.'s therapy notes, reasonably concluded that L.J.W. considerably improved.  For example, the ALJ cited to L.J.W.'s mother who reported on July 19, 2012, that both she and L.J.W.'s teachers saw an improvement when he was on his medication.  [Filing No. 13-2, at ECF p. 65.]  During this time period, even L.J.W. himself acknowledged that he noticed a difference in his behavior when he was on the medication.  *Id.*  The ALJ also cited to the testimony from L.J.W.'s mother, a Multidisciplinary Evaluation Team Report, and two state agency reviewing medical sources to justify her conclusion.  [Filing No. 13-2, at ECF p. 61–67.]  As the Commissioner points out, L.J.W. does not contest the credibility of this evidence.  [Filing No. 27, at ECF p. 3–4.]  As such, L.J.W.'s reliance on his behavior before he began treatment is not persuasive.

The ALJ assessed the "cumulative effects of all the claimant's medically determinable impairments."  [Filing No. 13-2, at ECF p. 57.]  The ALJ discussed the intensity, persistence, and limiting effects of L.J.W.'s symptoms and concluded that the record showed that L.J.W.'s symptoms improve considerably with consistent medication use and therapy.  [Filing No. 13-2, at ECF p. 58.]  Two state agency reviewing medical sources agreed with this finding, [Filing No. 13-7, at ECF p. 89–100], and so did L.J.W.'s mother who said, "When he's on his medicine, he's

calm, he focuses—I mean with his medicine he's, it's helpful, real helpful." [Filing No. 13-2, at ECF p. 58, 78.] The ALJ cited to L.J.W.'s mother, who reported on February 28, 2013, that he was suspended from school on two occasions. However, L.J.W. had not been taking his medication for several weeks prior to those suspensions. [Filing No. 13-2, at ECF 61.] When L.J.W. resumed taking his medication, he behaved better in class. [Filing No. 13-2, at ECF 62.]

The Court "is not allowed to substitute its judgment for the ALJ's 'by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility.'" *Cannon v. Apfel*, 213 F.3d 970, 974 (7th Cir. 2000) (quoting *Williams v. Apfel*, 179 F.3d 1066, 1071–72 (7th Cir.1999)). Here, the ALJ discussed at length therapy notes over the course of two years and concluded that when L.J.W. took his medication, his condition improved considerably. [Filing No. 13-2, at ECF 58–62.] Even if reasonable minds could differ about the ALJ's conclusion, the Court must affirm the ALJ's decision because it has adequate support. *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007). The ALJ sufficiently articulated a line of reasoning to justify her position, and that line of reasoning is supported by the medical evidence and L.J.W.'s mother's testimony.

### IV. Conclusion

For the foregoing reasons, the Court denies L.J.W.'s brief in support of appeal [Filing No. 19] and affirms the Commissioner's decision.

Date: 2/26/2016

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all counsel of record via CM/ECF.